NATIVIDAD, MARÍA INÉS, ANSELMO ARCENO, VICENTA, CARMEN y CARLOS MUÑOZ GÓMEZ, demandantes y apelantes, *v.* PETRONA CHANDRI y su esposo GERARDO MARTÍ, demandados y apelados.

No. 3851.—*Visto:* Marzo 23, 1926. *Resuelto:* Febrero 3, 1927.

1. REIVINDICACIÓN—ALEGACIONES Y EVIDENCIA—DE LA CONTESTACIÓN—ALEGACIÓN DE LA VENTA HECHA POR LOS DEMANDANTES DE LA FINCA—IDENTIDAD DE LAS FINCAS.—Aún cuando en la contestación se omita alegar expresamente que la finca que los demandados sostienen que su causante compró a los demandantes es la misma que éstos tratan de reivindicar en el˙ pleito, si del conjunto de las alegaciones se desprende que así es, ello es suficiente.

2. REIVINDICACIÓN—ALEGACIONES Y EVIDENCIA—DE LA EVIDENCIA—ADMISIBILIDAD DE LA MISMA—TÍTULOS DE LAS PARTES LITIGANTES—TÍTULOS SUJETOS A REGISTRO Y NO˙ INSCRITOS.—Cuando los demandados· oponen al de los demandantes un título de compraventa de la finca que tratan de reivindicar otorgado por éstos como vendedores, dichos demandantes no pueden objetar la admisión de dicho título en evidencia ·porque no se haya tomado razón del mismo en el registro.

3. REIVINDICACIÓN—ALEGACIONES Y EVIDENCIA—DE LA EVIDENCIA—TÍTULO DE LAS PARTES LITIGANTES—EN GENERAL.—Opuesto al de los demandantes un título de compraventa de la finca objeto de la acción reivindicatoria, aquéllos no pueden objetar su admisión˙ alegando estar otorgado por personas distintas de las envueltas en el litigio cuando los vendedores en dicho título son los mismos demandantes en la acción y el demandado que opuso el título es persona que trae causa del comprador en el mismo.

4. REIVINDICACIÓN—JUICIO, SENTENCIA, CUMPLIMIENTO DE LA SENTENCIA Y REVISIÓN—COSTAS DE LA ACCIÓN—TEMERIDAD.—La temeridad de unos demandantes al reivindicar la finca que habían vendido con anterioridad es tal que exige la condena de costas.

SENTENCIA de *Pablo Berga,* J. (Humacao), declarando sin lugar demanda de reivindicación, con costas. *Confirmada.*

*C. B. Buitrago,* abogado de las apelantes; *V. F. Rodríguez Ortiz,* abogado de las apeladas.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se trata de una acción establecida para reivindicar una finca rústica situada en San Lorenzo. Los demandantes, todos hermanos germanos, alegan que son dueños de la mitad de la finca a título de herencia materna y de seis octavas partes de la otra mitad a título de herencia paterna. Los demandados alegan que los propios demandantes vendieron a Felipe Chandri sus participaciones en cierta finca que describen; que el derecho de los demandantes quedó juzgado en determinado pleito iniciado por una hermana paterna y un nieto del padre de los mismos, en que éstos figuraron como partes demandadas por no haberse querido asociar a los demandantes, y que en todo caso el derecho de los demandantes había prescrito porque los demandados estaban en posesión de la finca desde hacía más de diez años por haberlos dejado encargados de ella su comprador Sr. Chandri que se ausentó para España.

Fué el pleito a juicio y la corte lo falló en contra de los demandantes imponiéndoles las costas. No conformes, interpusieron esta apelación alegando tres errores que estudiaremos en la forma en que han sido señalados.

[1] Primer error: ''Estimar que la finca que se describe en la demanda y la que se describe en la contestación son una misma.''

Sostienen los apelantes que en la contestación no se alegó que la finca que se dijo que Chandri había adquirido de los demandantes fuera la misma que la reclamada por los demandantes, y que por lo tanto no tuvo base el juez sentenciador para concluir como concluyó, que se había probado la identidad de ambas fincas.

La compra de una finca por Felipe Chandri a los demandantes se alegó en verdad en la contestación como la primera defensa sin consignar de modo expreso que era la misma reclamada en este pleito por los demandantes. Pero

si la defensa primera se enlaza con la tercera, o sea la de prescripción, se verá que la identidad se alega.

En cuanto al resultado de la prueba sobre tal extremo, es tan evidente que los apelantes no se detienen a examinarlo en su alegato. La identidad surge no sólo de la prueba documental y testifical si que de las mismas descripciones de la finca contenidas en la demanda y en la contestación. Sólo se nota una diferencia en la cabida que la prueba testifical explica satisfactoriamente.

[2, 3] Segundo error: ''Admitir en evidencia copia de la escritura número 3 de 11 de enero de 1906 otorgada ante el notario don Abelardo Cajas Machado.''

La objeción a la admisión del documento se formuló así: ''Por no estar identificada la finca y estar otorgada entre partes distintas a las que están envueltas en este pleito, así como por no estar inscritas en el registro de la propiedad.''

Ya hemos dicho que la identidad quedó demostrada. También demostró la prueba que no se trataba de partes distintas. Los vendedores en la escritura son exactamente los mismos demandantes en este pleito, y el comprador es Felipe Chandri. La circunstancia de que en la contestación alegaron los demandados que estaban en posesión por haberlos dejado encargados de la finca su dueño Felipe Chandri al ausentarse para España y que en el acto del juicio la demandada Petrona Chandri declarara que estaba en posesión como dueña por haber heredado la finca de su padre Felipe Chandri sin haberse probado que Felipe Chandri muriera y que Petrona fuera su hija y única heredera, no sostiene la contención de que se trata de partes diferentes. Bien como heredera, ya como encargada, Petrona Chandri traía causa de Felipe Chandri y el título de Felipe Chandri fué el opuesto por los demandados al de los demandantes.

Es cierto que los demandantes probaron que tenían inscrito su derecho en el registro, posesorio primero, domini-

cal después, y que la escritura de venta de que se trata no estaba registrada, y lo es también que el artículo 389 de la Ley Hipotecaria dispone:

"Desde que empiece a regir esta ley no se admitirá en los Juzgados y Tribunales ordinarios y especiales, en los Consejos y en las oficinas del Gobierno, ningún documento o escritura de que no se haya tomado razón en el Registro por el cual se constituyeren, trasmitieren, reconocieren, modificaren o extinguieren derechos sujetos a inscripción, según la misma ley, si el objeto de la presentación fuese hacer efectivo en perjuicio de tercero el derecho que debió ser inscrito."

Pero tal prescripción legal se aplica únicamente cuando "el objeto de la presentación fuere hacer efectivo en perjuicio de tercero el derecho que debió ser inscrito" y aquí no se trata de terceros. Fueron los mismos demandantes los que otorgaron el documento.

Además de las objeciones formuladas en el momento de la admisión se alega ahora por primera vez en el Supremo que la escritura es nula porque las firmas de algunos de los otorgantes que no sabían hacerlo no se hicieron constar de acuerdo con la ley.

Aceptando a los fines de la discusión que la escritura fuera nula como documento público y que no pudiera admitirse como tal por sí sola en el registro siempre hubiera sido admisible en evidencia ante la corte como documento privado.

[4] Tercer error: "Estimar temeraria la conducta de los demandantes hasta el extremo de condenarlos al pago de costas."

Tampoco existe. Si como declaró probado la corte sentenciadora los demandantes habían vendido la misma finca que reclamaron como suya en el pleito, no puede darse un caso más claro de temeridad que exija la condena de costas.

*Debe confirmarse la sentencia recurrida.*